# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA D. HAYWOOD, <br><br> Petitioner, <br><br> v. <br><br> SAN DIEGO COUNTY SHERIFF, et al., <br><br> Respondents. | Case No.: 19cv1784 MMA (RBB) <br><br> **ORDER: (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS; and (2) DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

## MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner has filed a motion to proceed in forma pauperis but she has not provided the Court with sufficient information to determine her financial status. A request to proceed in forma pauperis made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2. Petitioner has failed to provide the Court with the required Prison Certificate.

## ABSTENTION

In any event, the Petition must be dismissed because it is clear that this Court is barred from consideration of the claims by the abstention doctrine announced in *Younger*

*v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Id*. at 45-46; *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings."). These concerns are particularly important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot. *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983).

Absent extraordinary circumstances, abstention under *Younger* is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001). All three of these criteria are satisfied here. At the time Petitioner filed the instant Petition, she states she was arrested on August 14, 2019, and that her preliminary hearing is "in schedule." (Pet., ECF No. 1 at 2, 10.) Thus, Petitioner's criminal case is still ongoing in the state courts. Further, there is no question that the state criminal proceedings involve important state interests.

Finally, Petitioner has failed to show that she has not been afforded an adequate opportunity to raise the federal issues on direct appeal. Petitioner offers nothing to support a contention that the state courts do not provide her an adequate opportunity to raise her claims, and this Court specifically rejects such an argument. Indeed, Petitioner's claims of false arrest and ineffective assistance of counsel are the type of claims that state courts provide an opportunity to raise on direct appeal. Abstention is therefore required. *See Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from that the case concluded in the state courts.") Petitioner has failed to demonstrate that extraordinary circumstances exist which would relieve this Court of its

obligation to abstain from interfering with ongoing state criminal proceedings. *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention applies, a court may not retain jurisdiction but should dismiss the action.)

## CLAIMS NOT PROPERLY BROUGHT PURSUANT TO 28 U.S.C. § 2254

Additionally, some of the claims Petitioner raises in her Petition are not properly brought pursuant to 28 U.S.C. § 2254. Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

In claims two and three, Petitioner claims "jail conditions are hostile, irritable, unhealthy, and low functioning." (Pet., ECF No. 1 at 7.) She also alleges that "jail medical refuses to honor [her] records of diabetes and administer treatment." (*Id.*) She complains about a lack of access to special religious diets, lack of healthy food, recreation, showers, legal research materials, sanitation, and mental health resources. (*Id.*) She also alleges that "gender variant inmates are not given much to maintain gender identity," there are "no gender variant support resources or housing . . . safely available in jail." (*Id.* at 8.) These claims do not allege Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." and are not cognizable on habeas because they do not challenge the constitutional validity or duration of confinement. *See* 28 U.S.C. 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994).

Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser*, 411 U.S. at 488-500. When a state prisoner is challenging the very fact or duration of his physical

imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Id*. at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. *Id*. at 499; *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997).

## CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's motion to proceed in forma pauperis and **DISMISSES** this action without prejudice. If Petitioner wishes to pursue her claims regarding the conditions of her confinement, she must file a new civil rights action pursuant to 42 U.S.C. § 1983 which will be given a new case number. ***The Clerk of Court shall mail Petitioner a blank civil rights complaint form pursuant to 42 U.S.C. § 1983 together with a copy of this Order.***

**IT IS SO ORDERED.**

Dated: September 24, 2019

HON. MICHAEL M. ANELLO
United States District Judge