# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA D. HAYWOOD,<br><br>Petitioner,<br><br>v.<br><br>SAN DIEGO SHERIFF, et al.,<br><br>Respondents. | Case No. 19cv1784 - MMA (RBB)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 7] |

On September 16, 2019, Petitioner Erica D. Haywood ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Doc. No. 1. On September 24, 2019, the Court denied Petitioner's motion to proceed in forma pauperis and dismissed the petition without prejudice. *See* Doc. No. 3. Petitioner now moves the Court to reconsider its order.[1] *See* Doc. No. 7. For the reasons set forth below, the Court **DENIES** Petitioner's motion for reconsideration.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 59(e), district courts have the power to reconsider a previous ruling or entry of judgment. Fed. R. Civ. P. 59(e). A Rule 59(e)

---

[1] Petitioner contemporaneously filed a notice of appeal with the United States Court of Appeals for the Ninth Circuit. *See* Doc. No. 8.

motion seeks "a substantive change of mind by the court." *Tripati v. Henman*, 845 F.2d 205, 205 (9th Cir. 1988). Rule 59(e) provides an "extraordinary remedy" and, in the interest of finality and conservation of judicial resources, such a motion should not be granted absent highly unusual circumstances. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–28 (2d ed.1995)).

Under Rule 59(e), it is appropriate to alter or amend a previous ruling or judgment if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). To carry the burden of proof, a moving party seeking reconsideration must show more than a disagreement with the Court's decision or a recapitulation of the cases and arguments previously considered by the court. *See United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

### DISCUSSION

To the extent the Court can decipher the partially illegible motion, the Court finds that Petitioner has not met her burden to attain relief under the extraordinary remedy of Rule 59(e). Petitioner fails to present the Court with new evidence, demonstrate that the Court committed clear error, or point the Court to a change in law. Rather, Petitioner merely disagrees with the Court's order and restates her previous claims. Such argument is insufficient to meet the heavy burden required by Rule 59(e). As previously noted,

Petitioner's § 2254 petition is barred by the abstention doctrine and should have been brought pursuant to 28 U.S.C. § 1983.[2] *See* Doc. No. 3.

## **CONCLUSION**

Having reviewed its previous ruling, the Court is satisfied that it committed no error. Petitioner has not carried her burden under Rule 59(e) to demonstrate otherwise. Accordingly, the Court **DENIES** Petitioner's motion for reconsideration.

**IT IS SO ORDERED**.

Dated: October 10, 2019

HON. MICHAEL M. ANELLO
United States District Judge

---

[2] In fact, Petitioner filed a § 1983 action in this District on October 9, 2019. *See* Complaint, *Haywood v. U.C. San Diego et al.* (S.D. Cal. 2019) (No. 3:19-cv-1955 MMA (BGS)).